**Tomislav BUBIC, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

No. 03–40781–ag.

United States Court of Appeals, Second Circuit.

Oct. 13, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Parker Waggaman, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Heidi A. Wendel, Sara L. Shudofsky, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner Tomislav Bubic, a native of the former Yugoslavia and citizen of Croatia, seeks review of a September 26, 2003 order of the BIA affirming a February 15, 2002 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tomislav Bubic*, No. A71 501 890 (B.I.A. Sept. 26, 2003), *aff'g* No. A71 501 890 (Immig. Ct. N.Y. City Feb. 15, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). Legal questions, and application of law to fact, are reviewed *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

Bubic does not argue in his brief to this Court that he demonstrated past persecution, and therefore this argument is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir. 2005). Moreover, he admitted to the IJ that he had never been arrested, detained, or physically harmed in the past, and concedes in his brief that his past fears, based on his anti-Communist beliefs, are "no longer relevant." The substance of his asylum claim now is that he fears persecution based on the mixed ethnic background of his family. While Bubic did not frame this issue as a discrete argument before the BIA, he made sufficient relevant statements to put the BIA on notice of this theory of well-founded fear. *See Restrepo v. McElroy,* 369 F.3d 627, 633 n. 10 (2d Cir.2004).

However, Bubic has not demonstrated a well-founded fear or a clear probability of persecution on this basis or any other. Although the only background report on Croatia in the record, from 1999, indicates that inter-ethnic relations were improving very slowly since the end of the war in 1995, Bubic failed to demonstrate what harm he, in particular, might face. He consistently identified himself as Croatian, and never indicated that his wife, who was half-Serb and half-Slovenian, or his U.S. citizen daughters or adult legal permanent resident stepson, who was half-Albanian, would accompany him to Croatia. The record does not suggest that he might face harm simply because of his relation to them. Finally, because he failed to exhaust his separate claim for CAT relief before the BIA, we lack jurisdiction to address that claim now. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice,* 461 F.3d 101, 115 n. 17 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.